## Case No. 12,159.

RUSSELL v. The ORIENTAL.

[See Case No. 10,569a.]

＝＝＝

## Case No. 12,160.

RUSSELL v. PERKINS et al.

[1 Mason, 368.] 1

Circuit Court, D. Massachusetts. May Term, 1818.

GUARANTY—CONSTRUCTION—RENEWED NOTES.

1. A guaranty of the notes of A cannot be applied as a guaranty of the notes of A and B.

[Cited in Wilcox v. Draper, 12 Neb. 143, 10 N. W. 579.]

2. Upon a guaranty to the plaintiff of all notes of A, which he should endorse, to the amount of $10,000, the plaintiff endorsed notes of A to the stipulated amount at several banks; and when the notes became due, they were taken up at the banks, and new notes, signed by A and B his partner, and endorsed, were received by the banks in their stead. It was held, that the guaranty did not apply to the new notes; and that by such substitution the old notes were extinguished.

[Cited in First Nat. Bank v. Hall, 101 U. S. 51.]

[Cited in brief in Bank of U. S. v. Beirne, 1 Grat. 248; Keith v. Goodwin, 31 Vt. 272. Cited in Locke v. McVean, 33 Mich. 482. Cited in brief in Michigan State Bank v. Peck, 28 Vt. 205.]

3. Of the effect of laches in giving notice under a guaranty.

Assumpsit on a letter of guaranty, addressed by the defendants [James and T. H. Perkins] to the plaintiff, at Charleston, S. C., as follows: "Boston, December 9, 1802. Nathaniel Russell, Esq.—Dear Sir: Should our friend, Mr. Josiah Sturgis, require your support in his negotiations at the banks, we hereby agree to guarantee any notes you may endorse for him to the amount of ten thousand dollars. And we shall feel ourselves obliged by any kindness or favors you may think proper to afford him. We are," &c. The cause came on to be tried upon the plea of the general issue; and upon the statute of limitations pleaded by the defendants. At the trial it appeared that Mr. Sturgis was the brother-in-law of the defendants, and that at the time of the writing the letter of guaranty, was in insolvent circumstances; but contemplated renewing business at Charleston, S. C. The letter of guaranty was delivered to the plaintiff, who, upon the re-commencement of business by Sturgis, upon the faith of the letter of guaranty, endorsed notes of Sturgis at the banks at Charleston from time

1 [Reported by William P. Mason, Esq.]

to time during the year 1803, for sums exceeding in the whole, ten thousand dollars. In January, 1804, Sturgis formed a partnership with a Mr. Lovell, under the firm of Sturgis and Lovell, which partnership was well known to the defendants, and continued until dissolved on their failure in August, 1816. After the formation of the partnership, the various notes of Sturgis, endorsed by the plaintiff, were taken up at the several banks, as they became due, and new notes in the partnership name, endorsed by the plaintiff, were given to the same banks by way of renewal, in lieu of the old notes. And these last notes were renewed from time to time in the same manner, until the dissolution of the partnership in 1816. After the dissolution of the partnership, Sturgis made the three several notes, on which the suit was brought, viz. one dated 5th October, 1816, for $2565, endorsed by the plaintiff, payable at the Union Bank; a second, dated the 7th of October, 1816, for $5900, endorsed by the plaintiff, payable at the State Bank of South Carolina; and a third, dated 31st December, 1816, for $1535, endorsed by the plaintiff, payable at the South Carolina Bank. These notes were paid by the plaintiff as they became due; and they were made for the purpose of taking up notes for lesser sums, then due to the said banks, on the notes of Sturgis and Lovell, endorsed by the plaintiff, which had been given in the manner before stated, in lieu of the notes of Sturgis, endorsed by the plaintiff before the partnership. After payment of these three notes, the plaintiff in March, and again in June, 1816, gave notice thereof to the defendants, and claimed an indemnity for the amount under their letter of guaranty. The defendants never returned any answer. The plaintiff never at any prior time gave any notice to the defendants, that he had made any advances under the guaranty; or that he had endorsed the partnership notes of Sturgis and Lovell, under the faith of the guaranty. But there was some evidence in the case, from which, if believed, it might be inferred, that the defendants as early as 1806 knew, that the plaintiff did continue to endorse the papers of the firm, and that in the opinion of the firm of Sturgis and Lovell it was done under the guaranty.

Hubbard & Webster, for plaintiff.

Gallison & Prescott, for defendants.

STORY, Circuit Justice. I am of opinion, that the plaintiff is not entitled to recover. Independently of every other objection, it is decisive against the plaintiff, that the case is not brought within the terms of the guaranty. The guaranty cannot in reason be construed beyond the plain and obvious import of its language. The letter imports, that the defendants will guaranty any notes endorsed by the plaintiff for Mr. Sturgis to the amount of ten thousand dollars. It does not cover any notes endorsed for the firm of Sturgis

and Lovell. Nothing can be clearer, than that a guaranty of the notes of A cannot be applied to the notes of A and B. It is wholly unimportant to the defendants, whether the notes would have been more or less safe under such circumstances. They have a right to stand upon the terms of their contract, and declare, "non in hæc fœdera venimus." The original notes of Sturgis, endorsed by the plaintiff under the guaranty in 1803, were taken up and extinguished by the new partnership notes, endorsed by the plaintiff. When once extinguished, the title under the guaranty was gone; and a continuing liability could not be afterwards created without the express or implied consent of the defendants. The notes, on which the present action is brought, were indeed made by Sturgis, and endorsed and paid by the plaintiff. But there is no pretence, that they were made upon the faith of the guaranty. Supposing they were now for the first time made after so great a lapse of time, upon a new consideration, the defendants would not be liable on their guaranty; for the guaranty could not be applied to endorsements made for the first time at such a distance of time. Much less could these notes be sustained under the guaranty, when they were made for the express purpose of changing partnership transactions into individual negotiations, so as to shape a case within the terms of the guaranty. If, indeed, these notes could be referred back (as they certainly cannot be) to the original transactions in 1803, the facts would be equally fatal to the plaintiff, for he would be guilty of gross laches in not giving notice of the endorsements to the defendants during the space of twelve years; and in giving credit to the firm during all that time, without any communication with the defendants, on account of debts incurred under the guaranty. It is not, however, necessary to dwell on this view of the cause, because it is plain, that the original notes of Sturgis in 1803, to which alone the guaranty ever attached, were duly paid and extinguished, as they became due, at the several banks, by the substitution of new notes in the partnership name, which the defendants never undertook to guaranty.

Verdict for the defendants.