WESTERN DIST.
*August*, 1834.

BELL
*vs.*
NORWOOD
ET ALS.

A new trial will not be granted on the allegation that the verdict is contrary to law and evidence, when on an examination of the evidence, it does *not* appear the jury were clearly wrong.

---

## BELL *vs.* NORWOOD, ADMINISTRATOR, &c.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF EAST FELICIANA.

In an action on an account current, founded on a long course of commercial transactions between the parties, in which payments are charged for sums paid to take up drafts accepted by the plaintiff, the possession of the draft by the acceptor, is *primâ facie* evidence of the payments charged in the account, and may be given in evidence in support of such items in the general account.

The rule, that an acceptor of a bill is bound to show, not only the drawing and acceptance of the bill and its payment, but that it was put in circulation after acceptance, and that the drawer had no funds in his hands, applies only to cases where the acceptor declares upon a bill of exchange against the drawer.

WESTERN DIST.   Where drafts are charged in an account current as paid to *Guay*, and those
*August*, 1834.      offered in evidence are payable to *Gray*, if the amounts and dates of the
BELL              drafts correspond with those charged in the account, they will be
*vs.*                received in evidence.
NORWOOD
ET ALS.
A letter of guarantee must be construed strictly to charge the guarantor:
so where A recommended B to the credit of C, and the latter made the
advance to B and D, as a firm, on the faith of the guarantee: *Held* that
the guarantor is not bound thereby.

The testimony of one witness to a signature, who swears he saw the party
sign, and whose credibility is not impeached, will not be *invalidated* by
the negative statements on oath of two witnesses, made on a comparison
of handwriting of the party, and his signature to documents on file in
the suit.

Where the amount of a debt, or an agreement to pay money, exceeds the
sum of five hundred dollars, the testimony of one witness alone is
insufficient to prove such debt or demand.

Accounts and letters relative to sales made by the plaintiff, and rendered
to the defendant anterior to the date of the first item of the account sued
no, are admissible in evidence, because it may also be shown that a
subsequent settlement took place, and the moneys arising from such
sales were accounted for.

The re-possession of a note once specially endorsed by the payee, is not
evidence of title to it, but that it is, if the transfer is made in blank.

Parole evidence, to prove an agreement to pay interest at ten per cent., is
clearly illegal and inadmissible.

This is an action to recover the balance of a mercantile
account by the plaintiff, who was a commission merchant in
New-Orleans, against the defendant, as administrator of the
succession of Abel T. Norwood, deceased, in which the
former claims a balance of five thousand four hundred and
seventy-one dollars and thirty-one cents, for moneys ad-
vanced, services rendered as commission merchant, for cash
paid on acceptances, commissions, guarantees, cash laid out
and expended for the use of the deceased, for goods, wares
and merchandise furnished him at sundry times, between the

2d day of June, 1831, and 24th day of June, 1832, according to the general account current annexed.

WESTERN DIST.
*August*, 1834.

BELL
*vs.*
NORWOOD
ET ALS.

The plaintiff specially charges as items in said account: That the said Norwood, deceased, executed his note on the 21st December, 1831, payable twelve months after date, at the counting-house of plaintiff, in New-Orleans, for three thousand dollars, which was duly protested for non-payment; and on the 15th May, 1832, the deceased executed another note, payable four months after date, for one thousand four hundred dollars, at New-Orleans, also protested, &c. ; that at the special instance and request of the deceased, and under his guarantee, he accepted and paid two drafts of Messrs. Hardesty & Neill, one for two hundred and twenty-three dollars and eighty-six cents, the other for eight hundred and forty-three dollars and fifty-three cents, which, with interest and commissions amounts to the sum of one thousand and ninety-six dollars and seventy-nine cents, and which the estate of the deceased is liable for. He prays judgment for the said sum as exhibited to be due by the account rendered, of five thousand four hundred and seventy-one dollars and thirty-one cents, with interest and costs.

The administrator pleaded a general denial, and put the plaintiff on the proof of every item and allegation in the petition and account.

*Harvey*, witness for plaintiff, states that he examined the account sued on, item by item, and finds it correct; that the balance charged to be due, is really due ; that the note of one thousand four hundred dollars in said account was signed by the deceased in witness's presence ; that the plaintiff endorsed the other notes, and paid them; and he believes they were given to enable Norwood to raise money on them. The notes and drafts mentioned in the account, were then produced, and their signatures proved. The two drafts of Hardesty & Neill were contested, on the ground that the deceased had never been notified that the plaintiff had accepted his recommendation to advance them credit or

WESTERN DIST. money; and that his undertaking was not complete. The
*August*, 1834. letter of credit is as follows:

BELL
*vs.*
NORWOOD
ET ALS.

"Mr. Saml. C. Bell."

"Sir: Any thing you can do for the bearer, Maj. S. W. Neill, whom I hereby introduce as my friend, will be done for me, he being a merchant in Clinton."

                                                "I am, &c."
                                              "A. . T. Norwood."

"P. S. If you should accept for Mr. Neill for $1000, I will be bound by this note."          "I am, &c."
                                              "A. T. Norwood."

The parties introduced documentary evidence on both sides, to show the state of the respective accounts of the plaintiff and the deceased, and after an examination of all the evidence submitted, the probate judge found a balance of four hundred and three dollars and seventy-one cents due to the estate of the deceased, for which judgment was given. The plaintiff appealed.

It appeared from the account current sued on, that the first item was stated as follows: "1831, June 3. To balance as per account due this day, $743 81." This item was supported by the testimony of a single witness. The defendant opposed its being allowed, on the ground that the testimony of one witness was insufficient to establish a demand or debt over five hundred dollars. The probate judge admitted it.

*Downs,* for the plaintiff and appellant.

1. This is a suit brought by a commission merchant against the defendant, as administrator of A. T. Norwood, deceased, for the balance due by account, arising from drafts and notes paid, and advances, all on account of the deceased.

2. The judgment of the Probate Court ought to be reversed, because the question, whether the plaintiff had funds to meet those drafts and notes, was not made by the pleadings, and if it was, the *onus* was on the defendant to show it. The plaintiff could not be required to prove a negative. 8 *Martin,* *N. S.* 257.

3. But if the *onus* is devolved on the plaintiff, the testimony abundantly shows the fact.

4. It appears from the face and words of the drafts, that no funds of the deceased were in the hands of the plaintiff with which to take them up, consequently the estate must be charged with them.

5. The rule of law on which the judge of probates decided the case, does not apply. It is not a suit on the drafs, but on account current, in which the amounts of the drafts are included, and they produced as vouchers to show how the plaintiff applied the funds in his hands.

6. The suit is, in fact, founded on the amount of two notes, one for one thousand four hundred dollars, the other for three thousand dollars ; the guarantee to Hardesty & Neill of one thousand and ninety-six dollars and seventy-nine cents, and the balance for goods sold and delivered, and not on the drafts.

7. The sums we claim, have in fact been admitted. Admissions and accounts rendered, must be taken entire. 1 *Phil. Ev.* 84. 3 *Martin, N. S.* 452. 6 *Ibid. N. S.* 582. 1 *La.Reports,* 281.

8. An account rendered and not objected to, is binding on the party to whom it is rendered. 7 *Martin, N. S.* 140. 3 *La. Reports,* 544.

9. The two and one-half per cent. commissions, ought to have been allowed. The evidence in the case, completely brings it within the exceptions, to be found in the case of *Millaudon* vs. *Arnaud, 4 La. Reports,* 542.

10. The objection, that the testimony of one witness is insufficient to prove this account, as it is over five hundred dollars, does not apply. It could only apply, under any circumstances, to the first item of seven hundred and forty-three dollars, which is inserted in the account sued on, as the balance of a former account then unpaid. This item is abundantly proved by corroborating testimony, in support of the single witness.

11. The estate of Norwood, deceased, is bound by the guarantee of Norwood, made in his life-time in behalf of

WESTERN DIST.
*August,* 1834.

BELL
*vs.*
NORWOOD
ET ALS.

Hardesty & Neill, in his letter of credit to the latter; and the circumstance of the drafts being in the name of Hardesty & Neill, can make no difference in the binding effect of the letter. The very words of the letter are : " If you accept for' Neill, I will be bound."

*Andrews,* for the defendant.

1. The testimony of a witness, that a balance of seven hundred and forty-three dollars existed at a certain time, is not competent evidence. The items on which such balance is struck, should be proved; and the testimony of one witness is not sufficient proof. *La. Code, art.* 2257. *5 La. Reports,* 266.

2. Drafts drawn by *J. S. R. Guay,* should not be received in evidence under an allegation in the petition, *that drafts were drawn by J. H. Gray. 3 Martin, N. S.* 636. *2 Ibid. N. S.* 666.

3. Where the acceptor of a bill sues the drawer, he must prove, 1st. The drawing of the bill; 2d. He must rebut the presumption of having funds in his hands belonging to the drawer, out of which to pay the bill, by showing the absence of them ; and, 3dly. He must prove payment of the bill by himself, to some person authorised to receive it. The mere possession of the bill, is not even *primâ facie* evidence of payment. *Starkie on Ev. part* 4, 276. *Chitty on Bills, edit.* 1830, 410. 6 *La. Reports,* 336.

4. Where a bill or note is transferred by a special endorsement, the endorser must show a re-transfer to him, before he can maintain a suit in his own name. 7 *Martin, N. S.* 253. 1 *Ibid. N. S.* 101 *and* 373. 7 *Cranch,* 163.

5. An agreement to be bound for a draft, drawn by S. W. Neill, is not an undertaking for the firm of Hardesty & Neill. 4 *Cranch,* 224. 1 *Mason,* 368. *Coxe's Digest,* 357.

6. Where credit is given in consequence of the undertaking of a third person, in a letter of credit, he should be immediately notified of the same, and of the extent of his liability. *Starkie on Ev. part* 4, 649. 2 *Taunton,* 206. 1 *Mason,* 323. 7 *Cranch,* 69.

WESTERN DIST.
*August,* 1834.

BELL
*vs.*
NORWOOD
ET ALS.

7. The guarantor of a draft is entitled to notice of non-payment, unless the drawer is insolvent when the draft becomes due. 2 *Taunton,* 206. *Starkie on Ev. part* 4, 650.

8. When the draft is for more than the guarantor bound himself, he is not liable even up to the amount which he agreed to guaranty. *Starkie on Ev. part* 4, 250. *Chitty,* edit. 1830, 67.

9. If after a bill, the payment of which is guarantied by a third person, becomes due, the creditor takes a note for the amount, from one of the drawers, and prolongs the time of payment, the guarantor is thereby discharged. *Starkie on Ev. part* 4, 650. *Ibid.* 1389. *La. Code, art.* 3032.

*Bullard, J.,* delivered the opinion of the court.

This is an action instituted in the Probate Court, against the administrator of A. T. Norwood's estate, in which he claims the sum of five thousand four hundred and seventy-one dollars, for moneys advanced to the intestate in his life-time, for services rendered as commission merchant, for costs paid on acceptances for him, and as guarantor to one Neill, as well as for goods and merchandise sold and delivered to him, from June, 1831, to June, 1832, according to an account current annexed to the petition. That account exhibits a balance on a former account of about seven hundred dollars. It credits the deceased with sundry lots of cotton, sold at different times; and charges him with various drafts and notes paid by the plaintiff, in the course of his transactions with the intestate.

The defendant pleaded the general denial, and judgment being rendered in his favor, for a balance against the plaintiff, the latter appealed.

It appears from the evidence in the record, that the deceased and the plaintiff stood towards each other, for some years, in the relation of principal and factor. The latter received the crops of the former on consignment, for sale, and kept an account current, showing the amounts so received, and the sums paid on the drafts of the deceased, according to the usual course of business between planters and commission

WESTERN DIST.
August, 1834.

BELL
vs.
NORWOOD
ET ALS.

In an action on an account current founded on a long course of commercial transactions between the parties, in which payments are charged for sums paid to take up drafts accepted by the plaintiff, the possession of the draft by the acceptor is *primâ facie* evidence of the payments charged in the account, and may be given in evidence in support of such items in the general account.

The rule that an acceptor of a bill is bound to show not only the drawing and acceptance of the bill and its payment, but that it was put in circulation after acceptance, and that the drawer had no funds in his hands, applies only to cases where the acceptor declares upon a bill of exchange against the drawer.

Where drafts are charged in an account current as paid, to *Guay* and those offered in evidence are payable to *Gray*, if the amounts and dates of the

merchants. The account sued on shows a debit and a credit side, and many of the items of charge against the estate consist of sums paid on drafts and notes taken up by the plaintiff, and the notes and drafts are produced in evidence, as proof of the items of the account.

It is urged by the counsel for the appellee, that the acceptor, in an action against the drawer of a bill of exchange, is bound to show, not only the drawing and acceptance of the bill and its payment, but that it was put in circulation after acceptance, and that the drawer had not funds in his hands. That the drawer is always presumed to have funds in the hands of the acceptor, and that the acceptance itself is evidence of the fact. This rule, to a certain extent, has been recognised by this court. But we are of opinion, that in the course of transactions like those shown between these parties, the possession of the draft by the acceptor, is *primâ facie* evidence of payment, to be charged in account current, and may well be given in evidence in support of items in such general account. They are generally drawn in anticipation of produce to be shipped to the drawee, and the application of the strict principle contended for to a case like the present, might be productive of the greatest injustice; and it seems to us to apply only, to cases when the acceptor declares upon a bill of exchange against the drawer. In the case before the court, the execution of the drafts is proved; they are produced by the plaintiff; and a witness, who was the bookkeeper, swears to the correctness of the different items of the account as charged.

One of the items charged in the account, is a sum of five hundred dollars, for two drafts paid in favor of J. H. Gray, 8–11th February, 1832. The two drafts adduced in evidence, are dated 8th February, 1831, at twelve months, in favor of J. S. R. Guay. It is contended, that there is such a variance in the name that they were inadmissible in evidence, and a bill of exceptions was taken to the opinion of the court, overruling the objection. The amounts and dates of the drafts correspond with those charged in the account current, and the only difference is in the name of the original holder;

Guay, instead of Gray. The strict rule contended for, applies with greater force in cases where the action is brought directly on the instrument. In this case, the money is charged as paid to Gray, and the draft and endorsement on it, shows that it was paid to Guay. As evidence of a disbursement made on account of the intestate, we think the document admisible, and the variance not fatal.

The estate is charged with a sum of one thousand ninety six dollars seventy-nine cents, as the amount of account of Hardesty and Neill, guarantied by A. T. Norwood. In support of this item of his account, the plaintiff produced two drafts of Hardesty and Neill, making together about that amount and a letter addressed to the plaintiff by the deceased, in which he says, "any thing you can do for the bearer Major S. W. Neill, whom I hereby introduce as my friend, will be done for me, he being a merchant in Clinton," and he adds, "P. S. If you should accept for Mr. Neill for one thousand dollars, I will be bound (by) this note." We concur with the court of the first instance, that the liability of the estate, is not sufficiently proved. It is a settled rule, that guarantees are to be construed strictly. Norwood might have been willing to become the security of Neill, and not of Hardesty and Neill. The engagement was personal, as to Neill, and did not, in our opinion, authorise any advance to a firm, of which he was a partner, on the credit of Norwood. 4 *Cranch,* 224. 1 *Mason,* 368. *Coxe's Digest,* 351.

The genuineness of a note of one thousand four hundred dollars, charged in the account, is contested by the administrator. Its execution by the intestate, is positively sworn to by a witness, whose credibility is not impeached. That evidence is opposed by the opinion of two witnesses, who state that the signature differs, in some respects, from the common signature of Norwood. One of them says, that it has no resemblance to the signature of the same party, to certain documents referred to, and filed in the suit. These negative statements cannot outweigh the direct affirmative oath of the witness, who testified that he saw the note signed; and we

WESTERN DIST.
*August,* 1834.

BELL
*vs.*
NORWOOD
ET ALS.

drafts correspond with those charged in the account, they will be received in evidence.

A letter of guarantee must be construed strictly to charge the guarantor: so where A recommended B to the credit of C, and the latter made the advance to B and D, as a firm, on the faith of the guarantee: *Held* that the guarantor is not bound thereby.

The testimony of one witness to a signature, who swears he saw the party sign, and whose credibility is not impeached, will not be *invalidated* by the negative statements on oath of two witnesses made on a comparison of hand writing of the party, and his signature to documents on file in the suit.

BELL
*vs.*
NORWOOD
ET ALS.

Where the amount of a debt or an agreement to pay money, exceeds the sum of five hundred dollars, the testimony of one witness alone is insufficient to prove such debt or demand.

agree with the judge below, that its execution is sufficiently proved.

It is urged, that the first item of the account sued on, is not sufficiently proved by the oath of a single witness, and the defendant relies on the 2257th article of the Louisiana Code. That article declares, that all agreements relative to personal property and all contracts for the payment of money, when the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any competent evidence. Such contracts or agreements above five hundred dollars in value, must be proved at least by one credible witness and other corroborating circumstances. The counsel for the plaintiff endeavors to establish a distinction between an agreement to pay money, and proof of the balance of an account on settlement; and contends, that the silence of the intestate, when the account was rendered showing a balance of seven hundred and forty-three dollars, proved by a single witness, is sufficient evidence of such balance. We cannot adopt this reasoning; proof of a state of indebtedness, from which an agreement to pay is a legal inference, is in substance proof of the agreement itself, and where the amount exceeds five hundred dollars, the testimony of a single witness is not sufficient. But, he further contends, that the evidence is corroborated by a circumstance shown on the trial. That the defendant produced on the trial a letter, which is in the record, from the plaintiff to the intestate, in which the existence of this balance is mentioned as the reason for not accepting a draft at sight, drawn on him by Norwood. The letter is of a date prior to the one on which the balance is charged, and the alleged balance is not the same. This, therefore, is not, in our opinion, a fact which goes to prove that the balance claimed was due, as charged. This item of the account, must therefore, be rejected.

In the progress of the trial, the defendant offered in evidence certain letters and accounts of sales from the plaintiff, of a date anterior to the first item of the account sued on. Their introduction as evidence was opposed, on the ground that they were irrelevant, and a bill of exceptions taken to

WESTERN DIST.
August, 1834.

BELL
vs.
NORWOOD
ET ALS.

Accounts and letters relative to sales made by the plaintiff, and rendered to the defendant anterior to the date of the first item of the account sued on, are admissible in evidence ; because, it may also be shown that a subsequent settlement took place, and the moneys arising from such sales were accounted for.

The re-possession of a note once specially endorsed by the payee, is not evidence of title to it, but that it is, if the transfer is made in blank.

Parole evidence to prove an agreement to pay interest at ten per cent. is clearly illegal and inadmissible.

their admission, as documents emanating from the plaintiff, and relating to the money transactions of the parties, we think them admissible. But the plaintiff cannot be charged with the amounts of sales shown, because, although the evidence of Harvey may be insufficient to prove a balance on settlement afterwards, so as to enable the plaintiff to recover that balance, yet it suffices to show that the funds received previously to that date, had been accounted for. Proof of payment is not proof of a contract. If the defendant seeks to charge the plaintiff for cotton sold on his account, prior to the 3d June, 1831, he is repelled by evidence that a settlement of the account took place at that time, which resulted in a balance in favor of the plaintiff. The record is full of evidence, that an account current did exist between the parties, in relation to the sale of produce, and the witness proves that a settlement took place at a particular time.

It is further contended by the defendant, that in relation to the two notes sued on, the plaintiff, who was the original payee, and appears to have endorsed them, cannot recover without showing a re-transfer to himself. Both the notes were drawn by Norwood in favor of the plaintiff, and by him endorsed in blank, and both show a subsequent endorser in blank. This court has held, that re-possession of a note once specially endorsed by the payee, is not evidence of title, but that it is, if the transfer is in blank. 7 Martin, N. S. 353.

Parole evidence to prove an agreement to pay interest at ten per cent., is clearly illegal and inadmissible.

Rejecting the first item as not proved, the amount charged on the guarantee, and the interest account, there appears to us to be a balance fairly due to the plaintiff, of three thousand four hundred and thirty-five dollars and twenty-eight cents.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be avoided and reversed, and that the plaintiff and appellant recover of the defendant, as administrator of the estate of A. T. Norwood, deceased, the sum of three thousand four hundred and thirty-five dollars and twenty-eight cents, with costs in both courts.